Smith, J.
Cox, on the 5th day of May, 1888, filed his petition in the court of common pleas, against the plaintiff in error, seeking to recover a judgment against him for a balance of $1,314.66, with interest thereon from January 7, 1887, claimed to be due on an account for boarding, working, and care rendered by him to defendant’s intestate, in his life-time, commencing January 7, 1877, and ending January 7, 1887, at the rate of $3.00 per week. The account, on which the action appears to be founded, states the account for each year separately, in this manner;
“ From January 7, 1877, to January 7, 1878, 48 weeks, at $3.00 per week, $144.00.
And it gives credit for each year separately, thus, varying as to the amounts credited each year:
“ 1877. Dec. 31. By cash and labor, $25.45.”
The answer of the administrator admits that Sells did board with the plaintiff a part of the time claimed, but denies that he was there for so long a period, as was charged. 2nd, it charges that the plaintiff was fully paid by Sells, in his life-time, in cash and groceries, for all his claim, and, 3rd, it alleges that each item of the account prior to April 28, 1882, was barred by the statute of limitations. The reply of the plaintiff denied these allegations of the answer.
It is assigned for error in this proceeding, first, that at the trial of the case, the court allowed the plaintiff to testify as to what he claimed was his account book, and that the book itself was then received in evidence.
The fact is, as shown by the bill of exceptions* that Cox, without objection, testified that the book in question was *291 his^book of original entries’,; that the entries therein were made by him at the time they purport to have been made. The book itself was then admitted against the objection of the defendant.
If the claim of the plaintiff was founded on a book account, as it evidently was, (for the proof offered in the case that the parties had agreed on the price to be charged for boarding, did not change the nature of the suit, or make the items enclosed, improper subjects of a book account), Cox was a competent witness against the administrator, to testify in regard to its being his book, as he did.
There is a serious question, however, whether his own evidence, taken in connection with the book itself, justified the court in admitting it to go to the jury, under the authority of paragraph 6 of sec. 5242, Rev. Stats. The charges against Sells were by the week, while in the book produced, they do not purport to have been made until the expiration of the year during which the boarding was furnished, and although the plaintiff testified that the entries were made at the time they purport to have been made, not a single one of the charges against Sells has a date to it., and the credits appear only under the months. And the charges so made in gross, after the expiration of the year, during which the boarding, so charged for, was furnished, were not so contemporaneous with the transaction purporting to be recorded, or so much a part of the res gestae, as to make them either of weight as evidence of such weekly or daily transactions, or which, according to the authorities, is requisite to constitute it a valid book of accounts. See 1st G-reenleaf on Evidence, sec. 118, and cases there cited.
But if the court erred in admitting this book on the evidence of Cox alone, there was other evidence subsequently offered, which rendered it admissible. Two other witnesses testified that during the running of the account, the book itself was frequently seen and examined by Sells. That when any money was paid to the wife of Cox, or groceries furnished, the plaintiff would enter the credit therefor in the book, often in the presence of Sells himself. That he thus had the opportunity of seeing the charges therein *292 against him, and the credits given to him. If this be true, and he made no complaint as to these entries, this would'be evidence tending to prove his assent to their correctness, and-in such case the book was competent to be seen and considered by the jury, that it might thus know just what it was that Sells had seen and assented to. And although the book may have been improperly received when it was, yet, if afterwards it became competent; no prejudice resulted to the defendant from the action of the court complained of.
Was there error in any of the rulings of the court as to the issue made as to the statute of limitations? One question which is raised by the evidence, and the charge of the court given and refused is, as to the effect to be given to payments made by Sells, by groceries or cash, to Cox, where the latter had a running account against him, and nothing appears to show that at the time of such payments anything was said or done by Sells to indicate that he knew the' amount or items of charges against him, or that it was part payment of a larger sum then due. There is no satisfactory evidence to show that Sells at the time of the payments, which are claimed to have the effect to give the right of action for six years, from the time of such payments on the items of the account, which would otherwise have been barred, examined the account, or knew its amount, or stated that it was in part payment of the whole thereof. The only testimony which tends to show any knowledge even of the charges, is that which says that at various times he had the book and examined it. But we think this was not sufficient to show that he made the^payment on the account as contained in the book,!;when he saw it, even if it then was in the same condition as it now is, which from its appearance and other circumstances disclosed in the case, we greatly doubt.
It must be conceded under the*decision in the case of Courson, ex'r v. Courson, 19 Ohio St. 454, that each item of this account, which accrued prior to May-5, 1882, was barred by the statute, unless the payments claimed to have been made by Sells within the six years prior to the commencement of the suit, prevented this. Sec. 4992,]Rev. Stats.,provides, that “when *293 payment has been made upon any demand founded on contract, or a written acknowledgment thereof, or promise to pay the same has been made and signed by the party to be charged, an action may be brought thereon within the time herein limited, after such payment, acknowledgment or promise.”
We are of the opinion that a simple payment under the circumstances stated, did not have this effect. It is to be noted that both the acknowledgment of, and the promise to pay the debt (which have precisely the same effect as a payment), are required to be in writing. As stated by Judge Day in deciding the case of Marienthal v. Morton, 16 Ohio St. 570, “it is apparent that the legislature did not intend to enlarge the facilities for taking cases out of the statutory bar. Before this can now be effected by the acknowledgment of an existing debt, or a promise to pay the same, it must be in writing, signed by the party to be charged thereby. No change is made in the effect of a part payment of a debt.”
We must look, then, to the authorities to see under what circumstances payment has been held to have this effect. One of the clearest and most explicit cases we have seen on this point is that of Vaugh v. Hankinson’s Adm’r, 55 N. J. L. 79, where it is held in the second proposition of the syllabus, that “ the payment of a sum of money on an open book account, which has never been presented or recognized in its entirety, is not a fact from which alone a promise to pay can be inferred, so as to take the whole account out of the statute of limitations.” Chief 9 ustice Peasley, in delivering the opinion of the court, says : “ It is insisted that this payment (of $5.00, on Oct. 4,1863), took out of the operation of the statute of limitations, a book account running back over twenty years, and amounting to over $600.00. I think this is not the law. The judicial decisions all stand in opposition to such a conclusion, and it is clearly inconsistent with public policy. The error in supposing a payment on s. claim of this character will warrant an inference of a promise to pay the whole, arises from not discriminating between sucha claim and those which consist of a fixed amount known to both parties. If a payment is made on a promissory note, such act, of necessity, is a recognition of the amount specified in such contract. But a *294 book of account is made up of distinct and separate transactions, so that a payment of a specified amount on such an account cannot have relation to particulars which it is not shown have ever been br.ought to the knowledge of the party making the payment. If the account has been presented, so that the series of charges are unified, so' to speak, then the rule would be different, for the payment of a part would then be a recognition of the whole.”
In Wood on the Statute of Limitations, sec. 97, the rule is thus stated: “ In order to make a money payment a part payment within the statute, it must be shown to be a portion of an admitted debt, and paid to and accepted by the creditor as such, accompanied by circumstances amounting toan absolute and unqualified acknowledgment of more being due, from which a promise may be inferred to pay the remainder. If the payment was intended by the debtor to be a payment of all that was due, the circumstance of the creditor having received it and treated it asa part payment only, will not bring it within the statute. Part payment of a debt is not of itself conclusive to take the case out of the statute. In order to have that effect, it must not only appear that the payment was made on account of a debt, but also on account of the debt for which action is brought, and that the payment was made as a part of a larger indebtedness, and under such circumstances as to warrant a jury in finding an implied promise to pay the balance, and if the payment was made under such circumstances as to rebut apy such promise, it does not affect the operation of the statute.”
All that is decided on this section by the case in 31 Ohio St. 424, is “ that a credit upon an account after the cause of action on the same is barred by the statute of limitations, will not be treated as part'payment thereof, unless shown to have been so intended by the parties;” but we think the language used by Judge Boynton in deciding the case, leads to the conclusion that something more than a mere payment is necessary. He says, “ to be available to take the case out of the statute, it must appear that there was an agreement or understanding between the debtor and the owner of the account, that the credits given, should be regarded and treated as part payment of the same.” And he citesjapprovingly cases ex *295 pressly deciding that the meaning of part payment of the principal is not the naked fact of payment of a sum of money, but payment o.f a smaller on account of a greater sum due from the person making the payment, to him to whom it was made, which part payment implies an admission of such greater sum being due.”
Guy Mallon, of Mallon, Coffee & Mallon, for plaintiff in' error.
Qorman & Thompson, for defendant in error.
In the charge given to the jury by the judge presiding in this case, there was no apt or sufficient statement of the law as to the effect of a payment under the circumstances shown. Four special charges were asked by the counsel for the defendant, two of which were given and the other two refused. Of the two so given, one was a statement in the language of the first clause of the syllabus in the case of Courson’s ex’r v. Courson, 19 Ohio St. 454, as to the statute running against each item of account from the time it accrued, unless taken out of the same on some special ground. And the other was in the language of the syllabus in the case of Kaufman v. Broughton, 31 Ohio St. 424, hereinbefore quoted.
The charges refused were as follows: “Second — No mutual anfi reciprocal or cross-accounts as such, are of any avail (unless in writing and signed by the party charged) to save the star tute either on the ground of their being an acknowledgment of the debt, or as amounting to evidence, by way of admission, of part payment.
“Fourth — An entry in the book kept by Cox of (month, no date) ‘ By cash to Harriet, $2.00,’ will not take items prior to 1882 out of the statute.”
These charges (particularly the last one) are not very explicit in some respects, but we think are substantially correct and applicable to the case, and should have been given, and it was error to refuse them. We have heretofore stated that, in our judgment, the evidence did not show such a part payment as would take the items before May 5, 1882, out of the statute, and the verdict and judgment having included all of these barred items, the motion for a new trial should have been granted on this ground. For these reasons the judgment will be reversed, with costs, and the case remanded for a new trial.